
FILED
MAR. 14, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KADEEM TASHAUN MYKENG BOOTH, )<br>    )<br>Plaintiff,    )<br>    )<br>v.    )<br>    )<br>    )<br>UNITED STATES,    )<br>    )<br>Defendant.    ) | Civil Action No.  22-123 (UNA) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Complaint against the United States, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the case.

Plaintiff is a resident of Saint Ann, Missouri, who seeks "to be relieved from foreign allegiance with foreign states and the governments thereof."  Compl. at 2.  As the bases of jurisdiction, Plaintiff cites 28 U.S.C. § 1330, which governs "Actions against foreign states" and thus not applicable to this action against the United States, and 28 U.S.C. § 1331, which confers original jurisdiction in the district courts over civil actions "arising under the . . . laws . . . of the United States" and thus is applicable.  *See* Compl. at 1 (invoking Expatriation Act).  Plaintiff's claim rests entirely on the following vague assertion:  "As a government that has been removed from nationhood status and invested with rights of citizenship and is a subject of foreign states, I Kadeem Tashaun Mykeng Booth disavows allegiance to foreign states and governments."  *Id*.

Plaintiff has not identified any foreign state to which he disavows allegiance. Nevertheless, "[c]onsistent with a longstanding recognition by all three branches of the right to

expatriate, Congress codified a statutory right to expatriate and specified a series of actions that effectuate loss of nationality." *Farrell v. Blinken*, 4 F.4th 124, 134-35 (D.C. Cir. 2021). Nothing suggests that Plaintiff has proceeded under the Immigration and Nationality Act, 8 U.S.C. §§ 1101–1537, which grants "substantial authority" in "the Secretary of State to administer naturalization laws, including laws governing the expatriation of U.S. citizens," *Farrell*, 4 F.4th at 135. Consequently, this case will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted). A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
Date: March 14, 2022                                      United States District Judge